IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOSEPH ROBERT H.,

        Plaintiff,

  v.                                    Civil Action No.
                                        5:20-CV-637 (DEP)

COMMISSIONER OF SOCIAL
  SECURITY,

        Defendant.
_____

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP                          MARY K. McGARIGAL, ESQ.
250 S. Clinton Street                      HOWARD D. OLINSKY, ESQ.
Suite 210
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.                     PAUL NITZE, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

    Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on September 22, 2021, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   September 28, 2021
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH H.,
                                             Plaintiff,

-v-                                          5:20-CV-637

COMMISSIONER OF SOCIAL SECURITY,

                                             Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
September 22, 2021
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

    OLINSKY LAW GROUP
    250 South Clinton Street
    Suite 210
    Syracuse, New York 13202
    BY:  **MARY KATHERINE MCGARIGAL, ESQ.**

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    J.F.K. Federal Building, Room 625
    15 New Sudbury Street
    Boston, Massachusetts 02203
    BY:  **PAUL NITZE, ESQ.**


*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1            (The Court and all parties present by telephone.
2    Time noted:  11:42 a.m.)
3            THE COURT:  Let me begin by thanking counsel for
4    excellent and spirited discussions and briefings of this case.
5            Plaintiff has commenced this action to challenge an
6    adverse determination by the Commissioner of Social Security
7    finding that he is not disabled and therefore ineligible for the
8    benefits which he sought.  The challenge is brought pursuant to
9    42, United States Code, Section 405(g).
10           The background is as follows:  Plaintiff was born in
11   May of 1980 and is currently 41 years of age.  He was 37 years
12   old at the amended onset date identified by him as the beginning
13   point of his disability, which was June 1, 2017.  Plaintiff is
14   five foot and nine or ten inches in height and has weighed at
15   various times approximately 225 to 235 pounds.
16           Plaintiff lives in a house in Camillus, New York with
17   his wife and four young children and two dogs.  One of those
18   children is a special needs child.  There's also an indication
19   somewhere in the record that he either has adopted or fostered a
20   child or has been approved to do so.  Plaintiff attended regular
21   classes and is a high school graduate.  He also has two years of
22   college education.  Plaintiff is right-handed and drives.
23           Plaintiff stopped working in May of 2017.  At page
24   1181 of the Administrative Transcript, he states that he stopped
25   work due to stress and pain.  The plaintiff was in the United

1  States military from June 1998 until April 2016.  He had one
2  tour of duty in 2012 in Afghanistan and two tours in 2004 and
3  2005 in Iraq.  He received an honorable discharge due to medical
4  reasons.  Clearly, he experienced some horrific incidents while
5  he was in the United States military that has caused his mental
6  condition.  The plaintiff also worked in the Veterans
7  Administration Hospital as a housekeeping aide from October 2016
8  until May of 2017.
9           Physically, plaintiff suffers from several diagnosed
10 conditions, including degenerative arthritis of the spine;
11 osteoarthritis of the hips bilaterally; arthritis in the knees
12 and ankles, also bilaterally; plantar fasciitis; sleep apnea;
13 and a right shoulder issue.  He has had several surgeries,
14 including two on his right shoulder, a right trigger finger
15 release in 2016, and a right trigger thumb release in
16 February 2017.
17          Mentally, plaintiff has been diagnosed as suffering
18 from depression and an unspecified depressive disorder, anxiety
19 and an anxiety disorder, attention deficit and hyperactivity
20 disorder or ADHD, and posttraumatic stress disorder or PTSD.  He
21 has not undergone any psychiatric hospitalization.  He has
22 received ongoing counseling from the Veterans Administration.
23          At the VA, plaintiff has seen Dr. Elini Kosmas,
24 primarily for his physical conditions, Dr. Adekola Alao
25 beginning in 2015, and Dr. Katherine Cerio beginning in June of

1   2018 for his mental health conditions at an approximately
2   one-time-per-month frequency.  He has also seen Licensed
3   Clinical Social Worker Bethany Joncas.
4           The defendant has a fairly robust daily life and is
5   engaged in activities, including the ability to dress, groom,
6   and shower.  He can do household chores, laundry, cook, drive,
7   travel, including taking his sons on a cruise, care for his
8   children, including the one special needs infant, watches
9   television, he reads, he socializes with family and friends, and
10  can shop.
11          Medically, plaintiff has been prescribed over time
12  Sertraline or Zoloft, Adderall, Effexor, he was on Gabapentin,
13  Duloxetine or Cymbalta, Meloxicam, Lisinopril, and Zolpidem or
14  Ambien.  He states that he does not experience any side effects
15  from his medications.  Plaintiff is a smoker.
16          Procedurally, plaintiff applied for Title II benefits
17  under the Social Security Act on September 12, 2017, alleging an
18  onset date of April 28, 2016.  It was later amended to June 1,
19  2017.  The plaintiff alleged disability in his application and
20  in his function report based on PTSD, sleep apnea, plantar
21  fasciitis, arthritis of the knees, right shoulder impairment,
22  arthritis of the ankles, and arthritis of the spine.  A hearing
23  was conducted by ALJ Jennifer Gale Smith on May 8, 2018, to
24  address plaintiff's application for benefits.  Judge Smith
25  issued a decision unfavorable to the plaintiff on June 26, 2018.

1  The matter was subsequently remanded by the Social Security
2  Appeals Council on August 8, 2019.
3           While the appointment clause issue was one that was
4  involved in the remand, as the Commissioner argues, there were
5  other issues.  The Appeals Council found that the plaintiff did
6  not perform an adequate B criteria analysis when addressing the
7  listings.  There was an issue regarding a question of the
8  ability to balance and whether that would be inconsistent with
9  the ability to stand and walk.  And, also, there was an issue of
10 uncertainty or lack of clarity with regard to the ability to
11 perform, quote, lower level complex tasks.  The remand order is
12 at 158 to 160 of the Administrative Transcript.
13          On remand, the matter was assigned to a new
14 Administrative Law Judge, Kenneth Theurer, who conducted a
15 hearing on January 6, 2020.  Administrative Law Judge Theurer
16 issued an unfavorable decision on June 31, 2020.  That became a
17 final determination of the agency on August 6, 2020, when the
18 Appeals Council denied plaintiff's application for a review.
19 This action was commenced on June 8, 2020, and is timely.
20          In his decision, ALJ Theurer applied the familiar
21 five-step sequential test for determining disability.  He first
22 noted that plaintiff is insured through December 31, 2022.  He
23 found at step one that plaintiff had not engaged in substantial
24 gainful activity, or SGA, since June 1, 2017, the amended onset
25 date.

1           At step two, he concluded that plaintiff suffers from
2  severe impairments including several physical and, significantly
3  for purposes of this proceeding, mental impairments, including
4  PTSD, depressive disorder, anxiety disorder, and ADHD.
5           At step three, ALJ Theurer concluded that plaintiff's
6  conditions do not meet or medically equal any of the listed
7  presumptively disabling conditions set forth in the
8  Commissioner's regulations.  With regard to the mental
9  component, he examined listings 12.04, 12.06, 12.11, and 12.15.
10 The Administrative Law Judge next concluded that plaintiff has
11 the residual functional capacity, or RFC, to perform light work
12 with several restrictions or conditions, both physical-related
13 and mental-related.
14          Significantly for purposes of this argument, he found
15 that plaintiff can maintain attention and concentration for
16 simple and some more complex tasks.  He also found that
17 plaintiff can regularly attend to a routine and maintain a
18 schedule.  He found that the claimant can relate to and interact
19 with coworkers and supervisors to the extent necessary to carry
20 out simple tasks.  He stated that the claimant should have no
21 more than occasional contact with coworkers and supervisors and
22 no more than incidental contact with the public, which he
23 defined further as more than never and less than occasional.  He
24 also went on to state specifically the job should not involve
25 direct interaction with the public, but the claimant does not

1   need to be isolated away from the public.
2             Applying that residual functional capacity
3   determination at step four, Administrative Law Judge Theurer
4   concluded that plaintiff was incapable of performing his past
5   relevant work, which was characterized as an infantry crew
6   member and a hospital cleaner.
7             At step five, ALJ Theurer first noted that if
8   plaintiff were capable of performing a full range of light work,
9   a finding of no disability would be directed by the
10  Medical-Vocational Guidelines set forth in the regulations or
11  the so-called grids, and specifically Grid Rule 202.21.  Because
12  of the erosion of the job base on which the grids are predicated
13  and due to the limitations set forth in the RFC, ALJ Theurer
14  consulted with a vocational expert, and based on the vocational
15  expert's testimony, he concluded that plaintiff is capable of
16  performing available work in the national economy, citing three
17  representative jobs as routing clerk, power screwdriver
18  operator, and photocopy machine operator, and therefore
19  concluded that plaintiff was not disabled at the relevant times.
20            As you know, the Court's function in this case is
21  limited and highly deferential.  The Court must determine
22  whether correct legal principles were applied and whether the
23  result was supported by substantial evidence, defined as such
24  relevant evidence as a reasonable mind would find sufficient to
25  support a conclusion.

Case 5:20-cv-00637-DEP   Document 18   Filed 09/28/21   Page 11 of 19

JOSEPH H. v. SOCIAL SECURITY                                    8

1          The Second Circuit in *Brault v. Social Security*
2    *Administration*, 683 F.3d 443 from 2012, emphasized the
3    deferential nature of the standard which the Court must apply,
4    characterizing it as even more deferential than the clearly
5    erroneous standard.  The Circuit also noted in *Brault* that the
6    substantial evidence standard means once an ALJ finds facts,
7    they can reject those facts only if a reasonable factfinder
8    would have to conclude otherwise.
9          The plaintiff in this case has raised one basic
10   contention, that the residual functional capacity is unsupported
11   because of the Administrative Law Judge's failure to properly
12   weigh the available medical opinions in the record.  The focus
13   of the argument is on the opinions given by Dr. Jeanne Shapiro,
14   an examining professional; Dr. Alao, a treating source;
15   Dr. Katherine Cerio, another treating source; and a
16   non-examining agency psychologist Dr. Marks.
17         Of course, pivotal to any finding of disability or no
18   disability is the assessment of a residual functional capacity,
19   which represents a finding of the range of tasks that plaintiff
20   is capable of performing notwithstanding his impairments.
21   Ordinarily, an RFC represents a claimant's maximum ability to
22   perform sustained work activities in an ordinary setting on a
23   regular and continuing basis, meaning eight hours a day for five
24   days a week or an equivalent schedule.  And of course, an RFC
25   determination is informed by consideration of all of the

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
(315) 234-8545

relevant medical and other evidence, 20 C.F.R. Section 404.154583, in *Tankisi v. Commissioner of Social Security*, 521 F. App'x 29 at 33 in the Second Circuit, 2013.  In this case, the step five determination hinges on the residual functional capacity finding and if it is supported, then based on the vocational expert's testimony, the ultimate determination is supported by substantial evidence.

The plaintiff's challenge in this case centers upon the mental components of the residual functional capacity finding and on the four medical opinions in the record.  I note that because this application was filed after March of 2017, the new regulations governing assessment of medical opinions apply, specifically 20 C.F.R. Section 404.1520(c).

Under that section, there are five factors -- actually, one is a catchall -- that are relevant to the inquiry: Supportability; consistency with other evidence from medical and nonmedical sources; the relationship of the person giving the opinion to the plaintiff; the specialization of the person giving the opinion; and five, other factors.  The regulations provide that the Administrative Law Judge must address the first two, supportability and consistency, and may also address the remaining three.  Importantly, when there is conflicting medical evidence in the record, as is the case here, in the first instance it is for the Administrative Law Judge to weigh the competing opinions, *Veino v. Barnhart,* 312 F.3d 578, Second

1  Circuit, 2002.

2           In this case, the first opinion at issue is from Dr.
3  Shapiro given on October 26, 2017.  It appears at 1181 through
4  1185 of the Administrative Transcript.  The opinion of Dr.
5  Shapiro is that the plaintiff appears to have mild to moderate
6  limitations sustaining concentration and performing a task at a
7  consistent pace.  She finds no limitations in sustaining an
8  ordinary routine and regular attendance at work; moderate to
9  marked limitations regulating emotions, controlling behavior,
10 and maintaining wellbeing; and moderate to marked limitations in
11 interacting adequately with supervisors, coworkers, and the
12 public.  Dr. Shapiro's opinion is discussed at page 22 of ALJ
13 Theurer's decision and is found to be partially persuasive.

14          The opinions concerning the difficulty in interacting
15 with others and regulating emotions and controlling behavior and
16 maintaining wellbeing were found not to be well supported,
17 number one, by virtue of the observations made by Dr. Shapiro
18 during the examination; number two, inconsistent with other
19 evidence of record indicating that claimant was consistently
20 pleasant, appropriate, and cooperative at appointments; and was
21 approved to adopt two children, which is a significant fact that
22 separates this from, perhaps, a case like plaintiff argued where
23 being pleasant in interaction with a care provider might not
24 necessarily be indicative of how the person would act in a
25 workplace setting.  The assessment of the ability to perform

1   tasks at a consistent pace was found to be speculative.

2           The decision, I believe, adequately discusses the

3   supportability and consistency factors.  To the extent that Dr.

4   Shapiro's limitations opined are inconsistent with the RFC,

5   they're also inconsistent with the psychological opinion of Dr.

6   Marks, which is -- I will say in a moment -- the Administrative

7   Law Judge found to be persuasive.  It is also inconsistent with

8   the activities of daily living.  For example, the ability to go

9   on a cruise and eat in the ship's restaurants.  It relies on

10  plaintiff's subjective statements, and although, as I indicated,

11  I believe that it's appropriate in a mental health case to some

12  degree to rely on subjective statements, plaintiff's allegations

13  of irritability are inconsistent with findings of him being

14  pleasant and cooperative, and plaintiff admitted during the

15  hearing at pages 85 and 86 that he avoided outbursts with

16  healthcare providers and patients while he was working at the

17  VA.

18          The Administrative Law Judge is proper in looking to

19  objective evidence as a useful indicator of the extent of

20  limitations, 20 C.F.R. Section 404.1529(c)(2).  I do note that

21  the residual functional capacity partially accommodated Dr.

22  Shapiro's concerns by extremely restricting plaintiff's

23  interactions with supervisors and coworkers, as well as the

24  public, directing only incidental exposure to the public with no

25  direct interaction.  Applying the standard articulated in

1   *Brault,* I cannot say that a reasonable factfinder would have to
2   credit Dr. Shapiro's opinions in full to the extent they were
3   not accommodated in the residual functional capacity finding.
4             The next opinion of record is from Dr. Alao given on
5   May 15, 2018.  It appears at 1295 to 1298 of the Administrative
6   Transcript.  It outlines, first, the symptoms experienced by the
7   plaintiff and then in a checkbox form identifies certain
8   categories and asks for an opinion.  Significantly in this case,
9   the category of interact appropriately with the general public,
10  plaintiff is indicated to be unable to meet competitive
11  standards in that regard.
12            The Administrative Law Judge discussed the opinion at
13  page 22 and found it to be less persuasive and concluded that it
14  was not supported by Dr. Alao's observations at plaintiff's
15  appointments, which were generally normal.  The severe social
16  and concentration limitations were also found to be inconsistent
17  with other evidence of record that shows that plaintiff
18  socializes family and friends, went shopping or out to eat in
19  public, drove, and could read for extended periods.  I believe
20  that that is a proper explanation.  It considers the issues of
21  consistency and supportability and it also, once again, is
22  inconsistent with the opinions of Dr. Marks.  Again, I cannot
23  say, applying the deferential standard of *Brault*, that no
24  reasonable factfinder could reject Dr. Alao's opinion.
25            Dr. Cerio issued an opinion on December 16, 2019.  It

1  appears at pages 1629 to 1632 of the Administrative Transcript.
2  It's, again, a checkbox form.  It concludes that plaintiff is
3  not capable of meeting competitive standards in several
4  categories, including work in coordination with and in proximity
5  to others without being unduly distracted, complete a normal
6  workday or workweek without interruptions from
7  psychologically-based symptoms, accept instructions and respond
8  appropriately to coworkers and supervisors, get along with
9  coworkers or peers without unduly distracting and/or exhibiting
10 behavioral extremes, and maintain socially appropriate behavior.
11 I do note that the Second Circuit has indicated that checkbox
12 forms constitute weak evidence at best.  The opinion was
13 discussed at page 21 of the Administrative Transcript.
14 Administrative Law Judge Theurer had found it to be not fully
15 supported -- not persuasive, not supported fully by treatment
16 notes, which showed generally that plaintiff was engaged and
17 able to respond, inconsistent with the medical evidence and
18 severity of his symptoms; inconsistent with travel and ability
19 to care for children, including a disabled or special needs
20 child; and at the second hearing, plaintiff admitted that he was
21 in a better place than before in the 2020 period.
22          Once again, the Administrative Law Judge's decision
23 to reject Dr. Cerio's opinion is consistent with the opinions of
24 Dr. Marks and, to a degree, by the opinion of Dr. Shapiro, so I
25 believe good reasons were cited and, once again, find no error

1   in the evaluation and rejection of portions of Dr. Alao's

2   opinion -- I'm sorry, Dr. Cerio's opinion.

3           And the last is Dr. Marks.  Dr. Marks gave an opinion

4   on November 2, 2017, that relied heavily, although not

5   exclusively, on the opinion of Dr. Shapiro.  It appears at 109

6   to 119, Exhibit 1A.  It was discussed at pages 21 and 22 of the

7   Administrative Law Judge's decision and found to be persuasive.

8   The mental residual functional capacity finding, which is what

9   controls under the POMS, finds that the plaintiff retains the

10  ability to perform simple and some detailed tasks, and when it

11  comes to interaction states plaintiff is capable of routine

12  interactions with coworkers and supervisors, but may benefit

13  from an environment where precluded from intensive interaction

14  with the public or tasks involving a high degree of stress, and

15  this is completely consistent with the residual functional

16  capacity finding.  I do note that I agree with the Commissioner

17  that to the extent that there might still be an issue lingering

18  that was identified in the Appeals Council's remand as to what

19  beyond simple work plaintiff is capable of performing, I agree

20  with the Commissioner that any error in that regard would be

21  harmless because the positions identified were all basically

22  simple work with an SVP of two.

23          So I find that the reliance on Dr. Marks's opinion is

24  appropriate, consistent with the RFC, and the RFC is slightly

25  more limiting than Dr. Marks's opinions, but that is not a basis

1   to remand.  The RFC in this case is very carefully tailored and,
2   I believe, takes into account Dr. Shapiro's and Dr. Marks's
3   opinions.
4          So in conclusion, I find that correct legal
5   principles were applied and the resulting determination is
6   supported by substantial evidence.  I will therefore grant
7   judgment on the pleadings to the defendant and order dismissal
8   of plaintiff's complaint.
9          Thank you once again and enjoy the rest of your day.
10         MR. NITZE:  Thank you, your Honor.
11         MS. MCGARIGAL:  Thank you, your Honor.
12         (Time noted:  12:11 p.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1
 2
 3                    CERTIFICATE OF OFFICIAL REPORTER
 4
 5
 6            I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
 7   NYRCR, Official U.S. Court Reporter, in and for the United
 8   States District Court for the Northern District of New York, DO
 9   HEREBY CERTIFY that pursuant to Section 753, Title 28, United
10   States Code, that the foregoing is a true and correct transcript
11   of the stenographically reported proceedings held in the
12   above-entitled matter and that the transcript page format is in
13   conformance with the regulations of the Judicial Conference of
14   the United States.
15
16            Dated this 28th day of September, 2021.
17
18            s/ Hannah F. Cavanaugh_____
19            HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
20            Official U.S. Court Reporter
21
22
23
24
25
```